STATE of Minnesota, Respondent,

v.

Uche Matthew ALIGAH, Appellant.

No. C0–88–954.

Supreme Court of Minnesota.

Jan. 13, 1989.

Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Vernon F. Bergstrom, Tom Johnson, Hennepin Co. Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

We granted the defendant's petition for review in this case for the limited purpose of holding that it was not necessary for the court of appeals to decide the issue of whether the trial court erred in denying defendant's motion to suppress a statement he made to the police.

When the police learned that the attorney requested by defendant would not talk with defendant or represent him, the police gave defendant another *Miranda* warning, told him that the attorney would not represent him, and asked him if he wanted to talk without consulting with another attorney. Defendant then talked with the police, giving them a statement which he intended to be exculpatory in nature. Defendant contends that the statement was obtained in violation of his right to counsel and the bright-line rule adopted in *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (police may not initiate interrogation of suspect after suspect has invoked his right to counsel).[1] Rather than decide the issue one way or the other, we hold that any possible error in admitting the statement was harmless beyond a reasonable doubt. *Milton v. Wainwright,* 407 U.S. 371, 372, 377–78, 92 S.Ct. 2174, 2175, 2177–78, 33 L.Ed.2d 1 (1972) ("Assuming, *arguendo,* that the challenged testimony should have been excluded" as being obtained in violation of the defendant's right to counsel, "any error in its admission was harmless beyond a reasonable doubt"); *State v. Robinson,* 427 N.W.2d 217, 224–26 (Minn.1988) (erroneous admission of in-custody statement obtained in violation of the *Edwards* rule was harmless beyond a reasonable doubt).

AFFIRMED.

---

1. The United States Supreme Court's most recent decision applying the *Edwards* rule is *Arizona v. Roberson,* —— U.S. ——, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988).